# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2814

_____

United States of America,        *
                             *

           Appellant,    *   Appeals from the United States
                             *   District Court for the
   v.                      *   Western District of Missouri.
                             *

Michael Hatcher,            *

                             *

           Appellee.     *

_____

No. 06-3099

_____

United States of America,     *
                             *

         Appellant/Cross-Appellee,  *
                             *

   v.                      *
                             *

Angelo Porrello,           *
                             *

         Appellee/Cross-Appellant.  *

_____

Nos. 06-2819/3098

_____

United States of America,     *
                             *

         Appellant/Cross-Appellee,  *
                             *

v.                                    *
                                      *
Joseph Anthony Porrello,              *
                                      *
        Appellee/Cross-Appellant.     *
                    _____

                Submitted: May 16, 2007
                 Filed: August 28, 2007
                    _____

Before BYE, BEAM, and SMITH, Circuit Judges.
                    _____

SMITH, Circuit Judge.

A jury convicted Angelo Porrello, Joseph Porrello, and Michael Hatcher of a series of armed robberies in Kansas City, Missouri. The district court sentenced Joseph Porrello to 300 months and one day of imprisonment and Hatcher to 360 months' imprisonment. The district court also denied the Porrellos' motions to treat a sentencing enhancement provision of 18 U.S.C. § 924(c) as an element of the offense to be decided by the jury. The government appeals Joseph Porrello's and Hatcher's sentences. The Porrellos challenge the district court's interpretation of § 924(c).We conclude that the district court correctly found that § 924(c) applied but applied the statute incorrectly. We therefore reverse and remand for resentencing.

I. *Background*

A detailed account of the facts can be found in our prior opinion, *United States v. Hatcher*, 323 F.3d 666 (8th Cir. 2003). Relevant to this appeal, the defendants were each convicted of two counts of using a firearm during a crime of violence in violation of § 924(c), which states that a defendant who uses or carries a firearm in relation to a crime of violence is subject to a sentence of not less than 25 years in prison for a

second or subsequent conviction. *United States v. Carter*, 481 F.3d 601, 607 (8th Cir. 2007).

On remand, the trial court determined that the second-or-subsequent-conviction provision of § 924(c) applied and thus sentenced the defendants to 300 months' imprisonment for the firearm offenses. Section 924(c), *inter alia*, provides that a defendant's "second or subsequent conviction" for a firearm offense during a crime of violence triggers a mandatory minimum sentence of 25 years in prison. *Carter*, 481 F.3d at 607–08. A sentence applying § 924(c) must be served consecutively with the sentence imposed for their other violent crimes. *Id*. The district court sentenced Hatcher to the mandated 300-months' imprisonment for the firearm convictions but only 60 months' imprisonment for his underlying offenses—conspiracy and two counts of interfering with interstate commerce by armed robbery. Joseph Porrello was also sentenced to 300 months' imprisonment for the firearm convictions but only sentenced to one day of imprisonment for his underlying offenses—conspiracy, two counts of interfering with interstate commerce by armed robbery, and two counts of money laundering. Both parties appeal the district court's interpretation and application of § 924(c).

## II. *Discussion*

The government avers that the district court imposed an unreasonable sentence. Angelo and Joseph Porrello cross-appeal, arguing that the district court erred in construing § 924(c) as a sentencing enhancement rather than as an element of the offense charged.[1]

---

[1]The Porrellos also raise a host of constitutional arguments, claiming that their sentences violate substantiative due process, the separation of powers, and the Eighth Amendment's cruel-and-unusual-punishment provision. We find each of these arguments lacking sufficient merit to warrant discussion.

## A. *Sentence*

We review the district court's application of the Guidelines to the facts de novo; its factual findings for clear error; and the ultimate sentence for reasonableness. *United States v. Tjaden*, 473 F.3d 877, 879 (8th Cir. 2007); *United States v. Watson*, 480 F.3d 1175 (8th Cir. 2007). Whether a sentence is reasonable is reviewed for abuse of discretion. *Watson*, 480 F.3d at 1177. "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *Id.*

Section 924(c) required the district court to sentence Joseph Porrello and Hatcher to 300 months' imprisonment for using a firearm during their second or subsequent conviction; this 300-months' sentence must be served consecutively with their sentences for related violent crimes. The district court, taking into account the length of the mandatory consecutive sentence, dramatically reduced the sentence for the related violent crimes. The court sentenced Joseph Porrello to 300 months' imprisonment for his firearm convictions but only one day of imprisonment for the related crimes of conspiracy, two counts of interfering with interstate commerce by armed robbery, and two counts of money laundering. Similarly, Hatcher was sentenced to 300 months' imprisonment for the firearm convictions but only 60 months' imprisonment for conspiracy and two counts of interfering with interstate commerce by armed robbery.

The district court thus apparently conflated the sentences for the § 924(c) offenses and the related violent crimes. The Guidelines are unequivocal: a sentence that "run[s] consecutively to any other term of imprisonment, shall be determined by that statute and *imposed independently*." U.S.S.G. § 5G1.2(a) (emphasis added); *United States v. Roberson*, 474 F.3d 432 (7th Cir. 2007) ("The district judge was therefore required to determine the proper sentence for the bank robbery entirely

-4-

independently of the section 924(c)(1) add-on;"); *United States v. Gregg,* 451 F.3d 930 (8th Cir. 2006).

Viewing the consecutive sentences independently, the district court imposed an unreasonable sentence. Joseph Porrello received a one-day sentence—an extraordinary variance from a Guidelines range of 151 to 121 months—for conspiracy, two counts of interfering with interstate commerce by armed robbery, and two counts of money laundering. Hatcher received a 60-month sentence—an extraordinary variance from a Guidelines range of 210 to 240 months—for conspiracy and two counts of interfering with interstate commerce by armed robbery.

The district court considered the severity of the 300-months firearm sentences in justifying its extraordinary variance. "[U]nder the Sentencing Guidelines, a mandatory consecutive sentence under 18 U.S.C. § 924(c) is an improper factor to consider in making a departure, or fashioning the extent of a departure." *United States v. Working*, 287 F.3d 801, 807 (9th Cir. 2002). Because the district court gave significant weight to an improper factor, we conclude that Joseph Porrello's and Hatcher's sentences are unreasonable and consequently remand for resentencing.

## B. *Second or Subsequent Conviction*

The Porrellos cross-appeal, alleging that the district court erred by construing § 924(c) as a sentencing enhancement provision rather than as an independent element of the offense. We review de novo the district court's interpretation of § 924(c). *United States v. Allee,* 282 F.3d 997 (8th Cir. 2002).

Section 924(c) provides, *inter alia*, that a defendant's "second or subsequent conviction" for a using a firearm during a crime of violence triggers a mandatory minimum of 25 years in prison. In *Deal*, the Supreme Court determined that these multiple convictions can occur in a single proceeding. *United States v. Deal*, 508 U.S. 129 (1993). The Porrellos acknowledge this holding but aver that more recent cases

from the Court have clarified *Deal*'s holding, averring that the second-or-subsequent-conviction provision is properly viewed as an element of the charged offense, not as a sentencing enhancement as we have implied. *See e.g. Allee,* 282 F.3d at 997; *United States v. Street*, 257 F.3d 869, 870 (8th Cir. 2001). In support of their proposition, the Porrellos rely upon *Castillo v. United States*, 530 U.S. 120 (2000), where the Court found that the firearm provision of § 924(c) constituted an element of the offense rather than a sentencing enhancement. The Porrellos aver that the logic of *Castillo* requires that the second-or-subsequent-conviction provision should be treated as an element—the same as the firearms provision. We disagree.

The Court in *Castillo* differentiated firearms provisions that consider the type of firearm used from provisions addressing repeated offenses. *Id*. ("We cannot say that courts have typically or traditionally used firearm types as sentencing factors . . . "). Recidivism provisions, such as the second-or-subsequent-conviction provision at issue here, are commonly sentencing factors. *Almendarez-Torres v. United States*, 523 U.S. 224, 244 (1998) ("[R]ecidivism-is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence."*).* Indeed, *Castillo* itself notes that "factors (such as recidivism) [] ordinarily pertain only to sentencing." *Castillo*, 530 U.S. at 124 (parenthesis in original). Further, as *Castillo* acknowledges, turning this recidivism provision into an element of the offense would "complicate a trial or risk unfairness," because the government would be required to prove to the jury the commission of prior offenses. *Id*. at 126. The introduction of relevant sentencing facts during the guilt phase could be unnecessarily prejudicial to criminal defendants and, like the Court, "we do not believe, other things being equal, that Congress would have wanted to create this kind of unfairness in respect to facts that are almost never contested." *Almendarez-Torres,* 523 U.S. at 235. For these reasons, we reaffirm that the recidivism provision of § 924(c) is a sentencing factor rather than an element of an offense. *United States v. Anglin*, 284 F.3d 407 (2d. Cir. 2002) ("The Court's decision in *Deal* makes sense only if the fact of a previous 'conviction' [] is a

sentencing factor, and not an element of an additional offense that Congress intended to create.").

We reject the Porrellos' argument that they are not recidivists because their multiple convictions occurred in a single prosecution. *Deal*'s main holding—that multiple convictions in a single proceeding trigger the second-or-subsequent-conviction enhancement— remains good law. The defendants played significant roles in the armed robbery of eleven businesses, including five jewelry stores. Just because the defendants were not apprehended and prosecuted in sequential proceedings for their various offenses does not make their repeated conduct less recidivist for sentencing purposes. *Deal* controls.

## III. *Conclusion*

After a careful review of the record, we affirm the district court's interpretation of § 924(c), but remand for resentencing consistent with this opinion.

_____