NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 10, 2009
Decided June 11, 2009

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-3025

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District |
| | of Illinois, Eastern Division |
| *v.* | |
| | No. 06 CR 629-6 |
| ALPHONSO STEWART, | |
| *Defendant-Appellant*. | Matthew F. Kennelly, |
| | *Judge*. |

**O R D E R**

Alphonso Stewart pleaded guilty to crack offenses and was sentenced to 120 months in prison. On appeal he asserts that the disparity between the statutory minimum sentences for crack and powder cocaine offenses violates the equal protection component found in the Fifth Amendment's due process clause. See, *e.g., United States v. Armstrong,* 517 U.S. 456, 464 (1996), citing *Bolling v. Sharpe,* 347 U.S. 497, 500 (1954). He does so largely to preserve the issue for further review, because, as he acknowledges, the law in this circuit is squarely against him.

The underlying facts are straightforward. In March 2008 Stewart pleaded guilty to conspiring to distribute more than 50 grams of crack and to distributing approximately 124

grams of crack. See 21 U.S.C. §§ 841(a)(1), 846. At sentencing, the district court adopted the probation officer's estimate that Stewart distributed between 150 and 500 grams of crack. The court calculated a base offense level of 32 and subtracted three levels for acceptance of responsibility, producing a total offense level of 29. Combined with Stewart's criminal history category of III, this yielded a guideline range of 108 to 135 months' imprisonment. Each count had a mandatory minimum sentence of 120 months.  See § 841(b)(1)(A)(iii).

In a sentencing memorandum and at sentencing, Stewart objected on constitutional grounds to the statutory and guidelines provisions equating 100 grams of powder cocaine to only 1 gram of crack. He asked to be sentenced without regard to the mandatory minimum term applicable to his crack offenses. The court rejected this request as foreclosed by the law and sentenced him to two concurrent terms of 120 months in prison.

On appeal, Stewart reiterates his argument that the disparity between the statutory minimum terms of imprisonment for crack and powder cocaine offenses (a disparity that reflects this 100:1 ratio) violates the equal protection component of the due process clause of the Fifth Amendment. He concedes that Congress had reasons for the discrepancy when it enacted the mandatory minimums in 1986 and that, since then, this court has upheld the disparity time and time again. See, *e.g.*, *United States v. Trice*, 484 F.3d 470, 476 (7th Cir. 2007); *United States v. Chandler*, 996 F.2d 917, 918 (7th Cir. 1993) (per curiam); *United States v. Lawrence*, 951 F.2d 751, 754-56 (7th Cir. 1991). Stewart contends, however, that the Supreme Court's decision in *Kimbrough v. United States*, 128 S. Ct. 558 (2007), demands a reevaluation of this court's decisions. *Kimbrough* describes the disparate treatment of crack and powder cocaine in the guidelines as "generally unwarranted" and based on now-discredited reasons. *Id.* at 568. Stewart argues that *Kimbrough* implicitly holds that the sentencing disparity has a discriminatory effect and is so irrational as to be unconstitutional.

We do not read *Kimbrough* so broadly. In that decision, the Court held only that a district court may, in its discretion, differ with the advisory powder-crack ratio selected by the Sentencing Commission. 128 S.Ct. at 575; *United States v. House*, 551 F.3d 694, 700-01 (7th Cir. 2008). The Court said nothing indicating that it was prepared to strike down as unconstitutional Congress's sentencing regime, under which there are disparate mandatory minimum sentences for crack and cocaine offenders. Other courts of appeals have come to the same conclusion. See *United States v. Lee*, 523 F.3d 104, 106 (2d Cir. 2008) ("It is not apparent to us that the principles set forth in *Kimbrough* have any application to mandatory minimum sentences imposed by *statute*.") (emphasis original); see also *United States v. Samas*, 561 F.3d 108, 110 (2d Cir. 2009) (same); *United States v. Wimbley*, 553 F.3d 455, 462-63 (6th Cir. 2009) (same); *United States v. Watts*, 553 F.3d 603, 604 (8th Cir. 2009) ("The Supreme Court in *Kimbrough* held a different powder-to-base ratio in the Guidelines and § 841(b)(1) was permissible, and that district court's remain bound by the mandatory minimum sentences.").

Because Stewart's constitutional argument is meritless, his contention that the district court should have imposed a sentence below the statutory minimum also fails. Even if the court had wanted to impose a sentence below the statutory minimum, *Kimbrough* notes that district courts remain "constrained by the mandatory minimums" applicable to crack cocaine offenses. 128 S. Ct. at 574; see *United States v. Poole*, 550 F.3d 676, 678-79 (7th Cir. 2008). Apart from two exceptions that are inapplicable to Stewart—18 U.S.C. § 3553(e) and (f)— a district court is prohibited from imposing a sentence below the statutory minimum. See *United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009).

We AFFIRM the sentence imposed by the district court.