# United States Court of Appeals
### FOR THE EIGHTH CIRCUIT

_____

No. 09-1907

_____

United States of America,

    Appellee,

v.

John L. Williams,

    Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
Western District of Missouri.

_____

Submitted: November 18, 2009
Filed: March 4, 2010
_____

Before MELLOY, BEAM and GRUENDER, Circuit Judges.
_____

GRUENDER, Circuit Judge.

In 2007, John Williams and several co-conspirators carried out three bank robberies in the Kansas City, Missouri area. Williams was eventually charged with three counts of bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and three counts of using a firearm during a crime of violence (*viz.*, bank robbery), in violation

of 18 U.S.C. § 924(c)(1)(A).[1] Williams elected to go to trial, and the jury found him guilty on all counts.

The district court[2] sentenced Williams to 92 months' imprisonment on each of the bank robbery counts and ordered those terms to run concurrently. The court then sentenced Williams to 84 months' imprisonment on the first firearm count, which is the statutory minimum for a § 924(c)(1)(A) offense if the firearm is "brandished," *see* § 924(c)(1)(A)(ii). And the court sentenced Williams to 300 months' imprisonment on each of the two remaining firearm counts, which is the statutory minimum for a "second or subsequent conviction" under § 924(c)(1)(A), *see* § 924(c)(1)(C)(i). The sentences on the firearm counts cannot run concurrently with any other sentence, *see* § 924(c)(1)(D)(ii), so the court ordered the 84-month sentence and both of the 300-month sentences to run consecutively to the 92-month sentence and to one another, resulting in a total term of 776 months' imprisonment. Williams appeals, challenging the overall sentence on procedural and substantive grounds.

Williams first argues that the district court committed significant procedural error. In particular, Williams asserts that the court treated the advisory sentencing guidelines as mandatory and failed to consider all of the factors set out in 18 U.S.C. § 3553(a). *See Gall v. United States*, 552 U.S. 38, 51 (2007) (listing examples of "significant procedural error," including "treating the Guidelines as mandatory" and "failing to consider the § 3553(a) factors"). Since Williams—who chose to discharge his trial counsel and represent himself at sentencing—did not object to the district court's application of the guidelines or to the court's consideration of the § 3553(a)

---

[1]Technically, Williams was charged with aiding and abetting some of the offenses. Because a person who aids and abets the commission of a federal offense is punishable as a principal, 18 U.S.C. § 2, these details do not affect our analysis.

[2]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

factors, we review only for plain error. *See, e.g.*, *United States v. Phelps*, 536 F.3d 862, 865 (8th Cir. 2008), *cert. denied*, 555 U.S. ---, 129 S. Ct. 1390 (2009).

The record shows that Williams's first argument is without merit. The district court determined that the advisory sentencing guidelines range on the bank robbery counts was 92 to 115 months. The court then noted that on the firearm counts, consecutive sentences of 84 months, 300 months, and 300 months were required by statute. *See* § 924(c)(1)(A)(ii), (C)(i), (D)(ii). The court correctly acknowledged, "[t]he only issue that I have any real discretion on is the guideline range sentence of 92 to 115 months." That statement does not show that the district court felt bound to sentence Williams within the guidelines range; just the opposite, the statement confirms that the court understood the scope of its sentencing discretion with respect to the bank robbery counts. An express statement confirming the court's awareness of its discretion to vary from the guidelines is not strictly necessary, as we have made clear that "*Booker*, *Rita*, and *Gall* were hardly obscure decisions likely to have been overlooked by federal sentencing judges, and we presume that district judges know the law." *See United States v. Gray*, 533 F.3d 942, 943 (8th Cir. 2008) (citation and internal quotation marks omitted). In any event, the context makes clear that the district court used the words "only" and "real" to contrast the court's broad discretion with respect to the bank robbery counts and its limited discretion with respect to the firearm counts, which carried mandatory minimum sentences prescribed by statute. The district court did not treat the guidelines as mandatory.

Turning to the district court's discussion of the § 3553(a) factors, we have held that a "mechanical recitation" of the factors is unnecessary, "particularly when a judge elects simply to apply the advisory guideline range to a particular case." *United States v. Zastrow*, 534 F.3d 854, 855 (8th Cir. 2008) (quoting *United States v. Todd*, 521 F.3d 891, 897 (8th Cir. 2008)). Here, the need for a lengthy discussion was also lessened by the defendant's failure to make an argument regarding the appropriate sentence. Williams not only failed to present "nonfrivolous reasons for imposing a

different sentence," he presented no reasons at all. *See Rita v. United States*, 551 U.S. 338, 357 (2007) (noting that where a defendant "presents nonfrivolous reasons for imposing a different sentence, . . . the judge will normally . . . explain why he has rejected those arguments"). Yet the record shows that the district court did in fact address many of the § 3553(a) factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant, the kinds of sentences available, and the need to avoid unwarranted sentence disparities among similarly situated defendants. *See* § 3553(a)(1), (2)(B), (2)(C), (3), (6). The court's specific reference to these factors does not mean that it failed to consider the others. *See United States v. Molina*, 563 F.3d 676, 679 (8th Cir. 2009). Thus, we conclude that Williams has failed to show a significant procedural error, much less a plain error affecting his substantial rights. *See Phelps*, 536 F.3d at 865 (stating that "[u]nder plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights").

Williams next argues that his overall sentence is substantively unreasonable. Specifically, Williams contends that the district court "did not adequately consider whether the 57 years [684 months] already mandated by statute [on the firearm counts] . . . was sufficient to meet the objectives of § 3553." Ordinarily, "[w]e review a defendant's challenge to the district court's weighing of the relevant factors for abuse of discretion, regardless of whether the defendant made an after-the-fact objection to the length of the sentence that the court imposed." *Molina*, 563 F.3d at 679 (citing *United States v. Miller*, 557 F.3d 910, 916 (8th Cir. 2009)).

Williams's principal contention on this point—that the district court failed to give adequate weight to the severity of the statutory minimum sentences for the firearm counts—is foreclosed by our decision in *United States v. Hatcher*, 501 F.3d 931 (8th Cir. 2007). There, we held that the severity of a "mandatory consecutive sentence" for a § 924(c)(1)(A) offense is an *improper factor* that the district court may

not consider when sentencing a defendant on related crimes of violence. *Id.* at 933-34. The holding in *Hatcher* comports with the decisions of other courts that have considered the question. *See, e.g.*, *United States v. Chavez*, 549 F.3d 119, 135 (2d Cir. 2008) ("[W]e conclude that a sentencing court is required to determine the appropriate prison term for the count to which the § 924(c) punishment is to be consecutive; and if the court reduces the prison term imposed for that underlying count on the ground that the total sentence is, in the court's view, too severe, the court conflates the two punishments and thwarts the will of Congress . . . ."); *United States v. Roberson*, 474 F.3d 432, 436 (7th Cir. 2007) ("[T]o use the presence of a section 924(c)(1) add-on to reduce the defendant's sentence for the underlying crime would be inconsistent with Congress's determination to fix a minimum sentence for using a firearm in a crime of violence."). And the holding in *Hatcher* has not been cast into doubt by *Gall*, *Kimbrough*, *Spears* or any other intervening Supreme Court decision. *See United States v. Porrello*, No. 08-2658, 2009 WL 3488428, at *1 (8th Cir. Oct. 30, 2009) (unpublished per curiam) (rejecting the argument by Hatcher's co-defendant that the district court erred in resentencing him according to this court's mandate, explaining that "[after] *Gall*, a district court still abuses its discretion when it gives significant weight to an improper factor"); *see also United States v. Calabrese*, 572 F.3d 362, 369-70 (7th Cir. 2009) (affirming the Seventh Circuit's continued adherence to *Roberson*, without citing *Gall*, *Kimbrough*, or *Spears*), *petition for cert. filed*, 78 U.S.L.W. 3239 (U.S. Oct. 13, 2009) (No. 09-446). Thus, in sentencing Williams on the bank robbery counts, the district court was not permitted to give any weight to the severity of the statutory minimum sentences for the firearm counts, and the record shows that the district court properly refused to do so.

All that remains is to determine whether the total sentence on the bank robbery counts is substantively reasonable. As we have noted, the district court sentenced Williams to 92 months' imprisonment on each of the bank robbery counts, the bottom of the guidelines range, and ordered those terms to run concurrently. We accord this sentence, and all others within the applicable guidelines range, a "presumption of

substantive reasonableness on appeal." *See Molina*, 563 F.3d at 679 (quoting *Phelps*, 536 F.3d at 869). Williams has not identified a plausible basis for overcoming that presumption in this case. Applying the "deferential abuse-of-discretion standard," *United States v. Papakee*, 573 F.3d 569, 577 (8th Cir. 2009) (quoting *Gall*, 552 U.S. at 41), we are convinced that the sentence on the bank robbery counts is reasonable.

For the foregoing reasons, we affirm Williams's overall sentence of 776 months' imprisonment.[3]

_____

_____

[3]We note that Williams, who is represented by counsel on appeal, submitted a pro se supplemental brief and a pro se supplemental reply brief. Although we granted Williams permission to file a supplemental brief, "[i]t is typically not our practice to consider pro se arguments where the defendant is represented by counsel," *United States v. Moore*, 481 F.3d 1113, 1114 n.2 (8th Cir. 2007). Nevertheless, we have considered the arguments raised in Williams's pro se briefs, and we conclude that they are uniformly without merit. *See United States v. Sanders*, 341 F.3d 809, 822 n.2 (8th Cir. 2003).