## UNITED STATES of America

v.

### Yusuf HOWARD, Appellant.

No. 08–4233.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Jan. 25, 2010.

Filed: March 11, 2010.

---

Bernadette A. McKeon, Esq., Joseph Whitehead, Jr., Esq., Office of United States Attorney, Philadelphia, PA, for Plaintiff–Appellee.

Frances A. Shapiro, Esq., Philadelphia, PA, for Defendant–Appellant.

Before: FUENTES and FISHER, Circuit Judges, and CONNER,\* District Judge.

OPINION OF THE COURT

CONNER, District Judge.

Yusuf Howard was convicted of one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), one count of carrying a firearm during or in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). After this Court vacated the sentence imposed by the District Court and remanded for *Booker* re-sentencing,[1] he was re-sentenced to 240 months. Howard now challenges that sentence. We will affirm.

I.

Because we write primarily for the benefit of the parties, we recount the facts and procedural history only as they are relevant to the disposition of the case. After a traffic stop on April 26, 2003, police found in Howard's pants a .38 caliber revolver and a pill bottle containing multiple packets of cocaine base with an aggregate weight of 3.618 grams. He was indicted and was subsequently tried and convicted for the above-described offenses. On September 9, 2004, Howard was sentenced to terms of 240 months imprisonment on the drug offense (Count I) and 262 months imprisonment for the felon-in-possession offense (Count III), which terms were to run concurrently. The District Court also imposed a consecutive sentence of 60 months on Count II, the offense of carrying a firearm in connection with a drug trafficking offense. Thus, the District Court imposed a total term of imprisonment of 322 months. We subsequently vacated his sentence and remanded the case. *See United States v. Howard* 248 Fed.Appx. 437 (3d Cir.2007). At the re-sentencing hearing, the District Court granted a downward variance based upon: (1) the less egregious circumstances of past convictions which qualified Howard as an armed career criminal, and (2) its finding that a sentence within the guidelines range—which called for 262 to 327 months' imprisonment—would be greater than necessary. The District Court sentenced Howard to a total term of imprisonment of 240 months,[2] a six-year term of supervised release, a fine of $500, and a special assessment of $300. Howard now appeals.

---

\* Honorable Christopher C. Conner, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

1. *See United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (holding that the U.S. Sentencing Guidelines Manual should be applied as advisory, not mandatory, guidance).

2. The District Court sentenced Howard to 70 months imprisonment for Count I, and 180 months for Count III, to run concurrently, followed by a consecutive term of 60 months for Count II. The term of 180 months on Count III is the statutory minimum, because Howard's previous convictions triggered the 15-year minimum term under the Armed Career Criminal Act. *See* 18 U.S.C. § 924(e). The Act also mandates a five-year minimum term of imprisonment for Count II, which must run consecutive to any other term of imprisonment. *See* 18 U.S.C. § 924(c).

We have jurisdiction over Howard's appeal pursuant to 18 U.S.C. § 3742(a)(1) and 28 U.S.C. § 1291. We review the reasonableness of the District Court's sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 46, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). We review the District Court's findings of fact for clear error, and we exercise plenary review over its interpretations of law. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir.2007).

## II.

Howard argues that the District Court erred insofar as it failed to take into consideration further downward departures which were available and applied the sentencing guidelines too rigidly. He also contends that the District Court failed to justify its sentence in light of the factors provided in 18 U.S.C. § 3553, and the mandate to "impose a sentence sufficient, but not greater than necessary, to comply with" sentencing purposes.

Howard's contentions are wholly without merit in that the District Court imposed the minimum sentence permitted under the applicable federal statutes. His suggestion that the District Court had the authority to impose a lesser sentence is incorrect. To the contrary, federal law mandated that the District Court impose, at an absolute minimum, a sentence of 240 months. *See* 18 U.S.C. § 924(c), (e). The District Court was unquestionably required to follow that mandate. Although *Booker* abolished the mandatory nature of the Sentencing Guidelines,[3] it had no effect on the mandatory application of statutory minimum sentences. *See, e.g., United States v. Doe*, 564 F.3d 305, 314 (3d Cir.

2009) ("The Guidelines are no longer mandatory, but that does not render optional statutory directives." (quoting *United States v. Wise*, 515 F.3d 207, 220 (3d Cir. 2008)) (internal quotation marks omitted)), *United States v. Williams*, 464 F.3d 443, 449 (3d Cir.2006) (upholding the application of a statutory mandatory minimum sentence for a conviction of possession of a firearm, and declining to remand that conviction for *Booker* re-sentencing). Our enforcement of statutory minimum sentences as mandatory directives is entirely consistent with the decision of the Supreme Court in *Kimbrough v. United States*, 552 U.S. 85, 104–05, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) (holding that, although sentencing courts are not required "to adhere to the 100–to–1 ratio" for quantities of cocaine base as a general rule, they must do so in cases that implicate "the statutory mandatory minimum sentences"). Our decision is also supported by other circuits that have addressed this issue. *See United States v. Bermudez*, 407 F.3d 536, 545 (1st Cir.2005); *United States v. Sharpley*, 399 F.3d 123, 127 (2d Cir.2005); *United States v. Groce*, 398 F.3d 679, 682 n. 2 (4th Cir.2005); *United States v. Farias*, 481 F.3d 289, 291–92 (5th Cir.2007); *United States v. Franklin*, 499 F.3d 578, 584 (6th Cir.2007); *United States v. Lee*, 399 F.3d 864, 866 (7th Cir.2005); *United States v. Freemont*, 513 F.3d 884, 890 (8th Cir. 2008); *United States v. Hernandez–Castro*, 473 F.3d 1004, 1007 (9th Cir.2007); *United States v. Harris*, 447 F.3d 1300, 1307 (10th Cir.2006); *United States v. Shelton*, 400 F.3d 1325, 1333 n. 10 (11th Cir.2005). In sum, the District Court's application of the statutory minimum sentence was entirely proper.

---

**3.** The Court notes that the application of the Sentencing Guidelines remains mandatory in certain contexts not relevant to the instant case. *See United States v. Doe,* 564 F.3d 305

(3d Cir.2009) (holding that the Sentencing Guidelines are binding in sentence modification proceedings under 18 U.S.C. § 3582(c)(2)).

## III.

For the reasons stated above, we will affirm the sentence imposed by the District Court.