*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 10a0309p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

               *Plaintiff-Appellee,*

    *v.*

MARCUS FRANKLIN,

               *Defendant-Appellant.*

No. 08-2195

Appeal from the United States District Court
for the Eastern District of Michigan at Ann Arbor.
No. 02-90037-001—Marianne O. Battani, District Judge.

Decided and Filed: September 23, 2010

Before: MOORE and GILMAN, Circuit Judges; FORESTER, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** Kenneth P. Tableman, KENNETH P. TABLEMAN, P.C., Grand Rapids, Michigan, for Appellant. Daniel R. Hurley, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

    FORESTER, D. J., delivered the opinion of the court, in which GILMAN, J., joined. MOORE, J. (p. 12), delivered a separate dissenting opinion.

_____

## OPINION

_____

    FORESTER, District Judge. Appellant Marcus Franklin appeals his sentence for the third time, arguing that this Court's decision on his second appeal was mistaken and that the Sentencing Commission's policy precluding consideration of post-sentencing

_____

[*]The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

rehabilitation should be disregarded.  For the reasons that follow, we **AFFIRM** Franklin's sentence.

## I.     BACKGROUND

Marcus Franklin, a former employee of Guardian Armored Services and a new police officer when he engaged in an armored truck robbery, was convicted by a jury in 2003 for his conduct in robbing two ATM machines of $100,000, attempting to rob a third ATM, and robbing a Guardian armored truck of $755,000 at gunpoint.  *United States v. Franklin*, 415 F.3d 537, 541 (6th Cir. 2005) (*Franklin I*).  The District Court calculated his guideline range for the bank larceny and bank robbery charges (Counts I-V) at 97 to 121 months of imprisonment and sentenced him to 97 months, plus a mandatory consecutive 84-month sentence for Count VI, brandishing a firearm during a crime of violence.  *Id.* at 542-3.  Franklin's convictions were affirmed on appeal, but his sentence was remanded in light of the decision in *United States v. Booker*, 543 U.S. 220 (2005), in the interim.

On remand, Franklin was resentenced to 63 months, plus the 84-month consecutive sentence, based on the District Court's understanding of this Court's opinion in *Franklin I*.  *United States v. Franklin*, 499 F.3d 578, 580-1, 586-7 (6th Cir. 2007) (*Franklin II*).  Both Franklin and the Government appealed.  Franklin's argument that his enhancements were improper judicial fact- finding in violation of the Sixth Amendment was rejected.  *Id.* at 582.  This Court agreed with the Government's claims that the District Court improperly considered the 84-month mandatory sentence when determining the reasonableness of the overall sentence.  *Id.* at 586.  The 84-month sentence was affirmed and the 63-month sentence remanded for resentencing.  *Id.* at 586.

On remand, the District Court again calculated the guideline range on the bank larceny and bank robbery counts as 97 to 121 months, which range was accepted by the defense.  (R. 139, Tr., September 11, 2008, p. 4).  Counsel also agreed that the only sentence before the court was for the first five counts, not the sentence for the firearm count.  *Id.* at 5.  Franklin requested that the court consider his "post-conviction

rehabilitative efforts." *Id.* at 5-6. Defense counsel argued that the sentence was remanded only because the court expressly said that it was considering the § 924(c) sentence "to some extent" in determining the appropriate sentence. *Id.* at 7-9. Counsel urged that a sentence of 63 months for the bank robbery would be appropriate. *Id.* at 9.

In support of a sentence within the guideline range, the government noted that Franklin has refused to identify the other participant in the armored truck robbery and has not come forward with any information regarding approximately $650,000 in crime proceeds that are still missing. *Id.* at 11. It noted that the driver of the armored truck was locked in the cage during the robbery, that Franklin was the mastermind of the crime, and that the crime was carefully planned while Franklin was a police officer. *Id.* at 11-13. The Government further noted the policy statement in Guidelines § 5K2.19 that prohibits a departure for post-offense rehabilitation. *Id.* at 13. The court was also reminded of its statement at the first sentencing: "This punishment, which I think is under our guidelines high for this type of offense, for you is absolutely appropriate." *Id.* at 14.

The District Court reaffirmed the factors that were discussed in the first sentencing hearing to arrive at the sentencing Guidelines range of 97 to 120 months, which it acknowledged is advisory. *Id.* at 15. It then considered the nature and circumstances of the offense and Franklin's history and characteristics. The court noted that the armored truck offense was very serious and that the guard was hit over the head and put in the back of a cage. The robbery and attempted robbery of the ATMs was in February 2000, and the armored truck robbery in September 2000, during which time Franklin was in the police academy or recently graduated. There was nothing impulsive about the crimes; instead, they were planned over months. The court considered these to be very serious crimes. Despite Franklin having no prior criminal history, he abused a position of trust with Guardian and used confidential information for his personal benefit. Franklin masterminded the scheme. He was a police officer and familiar with crimes and punishment. The court considered what sentence would reflect the seriousness of the offense, provide respect for the law and just punishment, and deter

him and others from committing such crimes. It also considered avoiding unwarranted sentencing disparities and the need for restitution. It noted the large sum of money missing and Franklin's lack of cooperation. *Id.* at 15-20.

Considering all of those factors, the court imposed a sentence of 97 months' imprisonment on Counts I, II, III and V, with a sentence of 60 months on Court IV to run concurrently with the others. *Id.* at 20. Franklin was also ordered to pay restitution in the amount of $755,500. *Id.* at 21.

In this appeal, Franklin raises two issues: (1) whether his total sentence of 181 months was excessively long and based on the district court's misunderstanding of its authority; and (2) whether district courts may consider post-sentencing rehabilitation when resentencing. (Appellant's Brief, p.2). Franklin's first argument is that the "district court mistakenly believed it did not have authority to take into account the 84 months Franklin had to receive for his conviction for brandishing a firearm, which had to run consecutive to all other sentences." *Id.* at 11. Franklin argues that this Court's decision in *Franklin II* "was mistaken" and was "overruled" by *Kimbrough v. United States,* 552 U.S. 85 (2007). *Id*. at 11, 16. Franklin's second argument on appeal is that this Court should "revisit its ruling in *Worley* [453 F.3d 706, 709-10 (6th Cir. 2006)] and find that district courts may consider post-offense rehabilitation." *Id.* at 23.

## II.    ANALYSIS

This Court reviews the district court's sentence under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "[A]ppellate review of sentencing decisions is limited to determining whether they are 'reasonable.'" *Id.* at 46. Procedural reasonableness requires that the court "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the guidelines range." *Id.* at 51. A sentence may be considered substantively unreasonable where the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent 18 U.S.C. § 3553(a) factors, or gives an unreasonable amount of weight to any pertinent factor. *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005). Additionally, when a district court

considers the relevant 3553(a) factors and reaches a determination that the appropriate sentence falls within the advisory guidelines range, we apply a presumption of reasonableness.  *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008).

###    A.    Whether the District Court Could Consider the Mandatory Minimum Sentence When Resentencing Franklin for the Other Offenses

Franklin basically is attempting to relitigate the arguments rejected by this Court in *Franklin II* that "§ 3553(a) factors do not apply to congressionally mandated sentences." *Franklin II*, 499 F.3d at 585. *See also United States v. Cecil*, ___ F.3d ___ 2010 WL 3120027 (6th Cir. 2010) ("When a court and a mandatory minimum are in conflict, the minimum wins.").The first flaw with Franklin's claim is that he failed to raise it in the district court.  Accordingly, plain-error review applies.  Even if it had been raised below, however, Franklin's argument would fail.

> Determinations by a Court of Appeals become the law of the case and are binding on both the district court on remand and the Court of Appeals upon subsequent appeal.  Under this law-of-the-case doctrine, a prior ruling may only be reconsidered where:  "(1) substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice."

*United States v. Haynes*, 468 F.3d 422, 426 (6th Cir. 2006) (quoting *McKenzie v. BellSouth Telecomms., Inc.*, 219 F.3d 508, 513 n.3 (6th Cir. 2000)).

The first exception to the law-of-the-case doctrine is not applicable here, and Franklin does not argue the third one.  Instead, he contends that this Court's decision in *Franklin II* was overruled by *Kimbrough v. United States,* 552 U.S. 85 (2007).  Franklin notes that mandatory minimum sentences "can create sentencing cliffs that outweigh the differences between offenders." (Appellant's Brief, p. 14) (citing *Kimbrough*, 552 U.S. at 107).  He argues that a trial court's discretion to impose a sentence that differs from the Guidelines based on a policy disagreement with the Guidelines also extends to policy disagreements with mandatory minimum sentences.  (Appellant's Brief, pp. 15-20).

The impact of *Kimbrough* on mandatory minimum sentences was first considered by this Court in *United States v. Wimbley*, 553 F.3d 455 (6th Cir. 2009). The Court considered the constitutionality of a mandatory minimum sentence subsequent to *Kimbrough* and said:

> First, he claims that *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), which was decided after his sentence was imposed, entitles him to a shorter sentence. *Kimbrough* addresses a district court's discretion under the Sentencing Guidelines, and explicitly allows the sentencing court to take into account the Guidelines' disparate treatment of crack versus powder cocaine. *Id.* at 564. But *Kimbrough* is inapposite here because Wimbley's sentence was set by a statutory mandatory minimum, not the advisory Sentencing Guidelines.

*Id.* at 462. *See also United States v. Penney*, 576 F.3d 297, 317 (6th Cir. 2009) (holding that "§ 3553(a) factors do not apply to congressionally mandated sentences") (quoting *Franklin II*); *United States v. Simpson*, 546 F.3d 394, 397 (6th Cir. 2008) ("[W]e have held that a sentencing court must determine an appropriate sentence for the underlying crimes without consideration of the mandatory sentences for firearm offenses.").

In *United States v. Lockett*, 359 F. App'x 598 (6th Cir. 2009), this Court noted that *Kimbrough* itself recognized that courts were "constrained by the mandatory minimums Congress prescribed":

> Moreover, *Kimbrough* itself held that when a district court is considering whether and to what extent it may impose a sentence different from that recommended by the Guidelines because it disagrees with the logic, fairness, or utility of the crack/powder ratio, it remains "constrained by the mandatory minimums Congress prescribed." *Kimbrough*, 552 U.S. at 108. In other words, the 18 U.S.C. § 3553(a) factors do not give a district court discretion to disobey a statutory mandatory minimum, whether because the court disagrees with the powder/crack disparity or for some other reason. This is merely an application of our Circuit's general rule that "§ 3553(a) factors do not apply to congressionally mandated sentences." *United States v. Penney*, 576 F.3d 297, 317 (6th Cir. 2009) (quoting *United States v. Franklin*, 499 F.3d 578, 585 (6th Cir. 2007)).

*Id.* at 611-12.

Following the clarification of *Kimbrough* in *Spears v. United States,* ___ U.S. ___, 129 S.Ct. 840 (2009), this Court said:

> Contrary to Baker's assertion, *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (making guidelines advisory), and *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) (holding that district courts may deviate from sentences under the advisory Guidelines based on policy disagreements), do not affect mandatory statutory minimum sentences.

*United States v. Baker*, No. 08-3414, 2010 WL 2089541 at *4 (6th Cir. 2010) (unpublished). *See also United States v. Branch*, 537 F.3d 582, 592 (6th Cir. 2008) ("Among the statutory provisions left intact after *Booker* were statutory mandatory minimum sentences."). Franklin's argument does not involve a disagreement with an advisory Sentencing Guideline on policy grounds, as in *United States v. Camacho-Arellano*, ___ F.3d ___ 2010 WL 2869394 (6th Cir. 2010); instead, he seeks to nullify the power of Congress to prescribe a consecutive, mandatory minimum sentence.

Several of our sister courts have also rejected arguments that *Kimbrough* gives courts discretion over mandatory minimum sentences. In *United States v. Samas*, 561 F.3d 108 (2d Cir. 2009), the court said: "Thus *Kimbrough* bears upon the discretion of district judges to sentence within the maximum and minimum sentence 'brackets.' *Kimbrough* does not disturb our precedents rejecting challenges to the constitutionality of the mandatory sentencing scheme in § 841(b)." *Id.* at 110. With respect to the court's discretion under § 3553(a), *Samas* said:

> We recently rejected the argument that § 3553(a) conflicts with statutory minimum sentences in reviewing a sentence applying the firearms enhancement in 18 U.S.C. § 924(c). As we held in *United States v. Chavez*, a district court must impose a statutorily mandated sentence even if the court would reach a different determination if it considered only § 3553(a). 549 F.3d 119, 135 (2d Cir. 2008). We explained that statutory minimum sentences are in "tension with section 3553(a), but that very general statute cannot be understood to authorize courts to sentence below minimums specifically prescribed by Congress...."

*Id.  See also United States v. Cirilo-Munoz*, 582 F.3d 54, 55 (1st Cir. 2009) ("Courts have uniformly rejected the claim that § 3553(a)'s 'no greater than necessary' language authorizes a district court to sentence below the statutory minimum."); *United States v. Howard*, 369 F. App'x 354, 356 (3rd Cir. 2010) (unpublished) ("Our enforcement of statutory minimum sentences as mandatory directives is entirely consistent with the decision of the Supreme Court in *Kimbrough*....").

In *United States v. Williams*, 599 F.3d 831 (8th Cir. 2010), the court rejected a similar claim:

> Williams's principal contention on this point – that the district court failed to give adequate weight to the severity of the statutory minimum sentences for the firearm counts – is foreclosed by our decision in *United States v. Hatcher*, 501 F.3d 931 (8th Cir. 2007).  There, we held that the severity of a "mandatory consecutive sentence" for a § 924(c)(1)(A) offense is an *improper factor* that the district court may not consider when sentencing a defendant on related crimes of violence.

*Id.* at 834.  It continued:  "And the holding in *Hatcher* has not been cast into doubt by *Gall, Kimbrough, Spears* or any other intervening Supreme Court decision."  *Id.*

The Seventh Circuit recently reaffirmed its decision in *United States v. Roberson*, 474 F.3d 432, 434 (7th Cir. 2007), in which the court said that the district judge "is of course entitled to her view, but she is not entitled to override Congress's contrary view." In *United States v. Calabrese*, 572 F.3d 362 (7th Cir. 2009), the court again rejected an argument that a § 924(c) mandatory sentence could be considered in determining the sentence for the underlying offenses.  "Even shaving off a single month from the sentence on the predicate crime thwarts Congress's will....   Courts don't have that power."  *Id.* at 369.  The Seventh Circuit also rejected an argument that *Kimbrough* demands a reevaluation of the court's decisions.  *United States v. Stewart*, 333 F. App'x 102, 104 (7th Cir. 2009) (unpublished) ("The [*Kimbrough*] Court said nothing indicating that it was prepared to strike down as unconstitutional Congress's sentencing regime, under which there are disparate mandatory minimum sentences for crack and cocaine offenders."). *See also United States v. Kellum*, 356 F.3d 285, 289 (3d Cir. 2004) ("Moreover, it is clear that Congress intended that mandatory minimum sentences are

not to be affected by the general considerations of § 3553(a)(2) because that statute provides the authority for the district court to depart below the statutorily mandated minimum sentence" in only subsections (e) and (f).).

Franklin's arguments that the district court had authority to consider his mandatory minimum sentence when determining his sentence for the underlying offenses and that *Kimbrough* overruled *Franklin II* are without merit. His sentence of 97 months' imprisonment is within the guidelines range and thus presumptively reasonable. Franklin has not provided any basis to overcome the presumption, and we conclude the district court's sentence is reasonable. *Penney*, 576 F.3d at 317.

### B. Whether, in this *Booker* Resentencing, the District Court Should Have Considered Post-Sentencing Rehabilitation

Franklin argues that the Sentencing "Commission's policy precluding district courts from considering consider [sic] post-sentencing rehabilitation is not based on any study or on the Commission's institutional competence." (Appellant's Brief, p. 12). He further claims that the general rule in this Circuit is that "a remand for resentencing directs the trial court to begin anew." *Id.* at 22. Franklin urges this court to "revisit its ruling in *Worley* and find that district courts may consider post-offense rehabilitation." *Id.* at 23.

Franklin's argument is not well taken. This Court's remand for resentencing in *Franklin II* was not a general remand. We specifically said "[w]e agree with the United States that the re-sentencings were misapplications of *Booker*, and the case should be remanded for re-sentencing in accordance with *Booker*." *Franklin II*, 499 F.3d at 587. In *United States v. Worley*, 453 F.3d 706 (6th Cir. 2006), we rejected consideration of post-sentencing rehabilitation on a *Booker* remand as follows:

> We conclude, as did the district court, that our prior order directed a remand for the limited purpose of reviewing the initial sentence to ensure that it did not violate the Sixth Amendment and that the order of remand did not require or permit consideration of factors postdating the original sentencing hearing.

*Id.* at 707. We quoted with approval the Seventh Circuit's opinion in *United States v. Re*, 419 F.3d 582, 584 (7th Cir. 2005), as follows:

> [In a *Booker* remand] "the conduct or circumstances that bear on the § 3553(a) factors must have been in existence at the time the original sentence was imposed. ... The goal of the [*Booker*] remand is to determine if, at the time of sentencing, the district judge would have imposed a different sentence in the absence of mandatory guidelines. Post-sentencing events or conduct simply are not relevant to that inquiry."

*Worley*, 453 F.3d at 709.

This Circuit clarified in *United States v. Keller*, 498 F.3d 316 (6th Cir. 2007), why factors after the original sentencing are irrelevant in *Booker* remands:

> We held [in *Worley*] that the scope of a *Booker* remand does "not require or permit consideration of factors postdating the original sentencing." [*Worley*] at 707. We agreed with the district court that because the purpose of a *Booker* remand is to ensure that the defendant's sentence is consistent with the Sixth Amendment, the district court may consider only those facts that existed at the time the defendant was first sentenced.... **Worley is predicated not on any notions of what is or is not compulsory or permissive for district courts** but on the conclusion that consideration of post-sentencing factors is incompatible with the limited scope of a *Booker* remand, that is, reviewing whether the defendant would have received the same sentence had the Guidelines been advisory, rather than mandatory, at the time of the original sentencing.

*Id.* at 323-24, (emphasis added). *See also United States v. Gapinski*, 561 F.3d 467, 474 (6th Cir. 2009) ("Gapinski's argument for a variance based upon his rehabilitative efforts while in prison was an argument that this court has previously rejected."); *United States v. Erpenbeck*, 532 F.3d 423, 434 (6th Cir. 2008) (reiterating that post-sentencing facts or conduct are not relevant in *Booker* remands).

As in *Keller*, there is no issue in the present case of whether the district court agreed or disagreed with the Guidelines policy on post-sentencing rehabilitative efforts. The limitation on the re-sentencing court has nothing to do with Guidelines policy. The constraint on relevant factors to be considered for re-sentencing is derived solely from

the limited scope of a *Booker* remand.  The decisions in *Kimbrough v. United States*, 128 S. Ct. 558 (2007), *Spears v. United States*, 129 S. Ct. 840 (2009), and *United States v. Pepper*, 570 F.3d 958 (8th Cir. 2009), *cert. granted* 130 S. Ct. 3499 (June 28, 2010) (No. 09-6822), have no impact on the issue in the present case, as none of those cases involved a limited *Booker* remand.

In the present case, Franklin's sentence was vacated and remanded because of *United States v. Booker*, 543 U.S. 220 (2005).  *Franklin I*, 415 F.3d at 557-8.  His second sentence was vacated and remanded as a result of a misapplication of *Booker*.  *Franklin II*, 499 F.3d at  586-7.  *Booker* remands are limited in scope and permit consideration of only "those facts that existed at the time the defendant was first sentenced." *Keller*, 498 F.3d at 324.

Franklin's argument does not support reconsideration of *Worley*.  Moreover, a "panel of this Court cannot overrule the decision of another panel.  The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision." *Salmi v. Sec. of Health and Human Services,* 774 F.2d 685, 689 (6th Cir. 1985).

## III.    CONCLUSION

For the foregoing reasons, we **AFFIRM** Franklin's sentence.

―――――――――――

**DISSENT**

―――――――――――

KAREN NELSON MOORE, Circuit Judge, dissenting.  For the reasons stated in my concurring opinion in *United States v. Franklin* (*Franklin II*), 499 F.3d 578, 587–89 (6th Cir. 2007) (Moore, J., concurring), I respectfully dissent from Part II.A.  I believe that the district court should be able to consider the mandatory seven-year sentence for brandishing a firearm in violation of 18 U.S.C. § 924(c) when the court evaluates the 18 U.S.C. § 3553(a) factors in fashioning the additional appropriate sentence to be imposed for the other counts of conviction.  My earlier reasoning is supported by the additional discretion afforded to sentencing courts in *Spears v. United States*, --- U.S. ---, 129 S. Ct. 840 (2009); *Kimbrough v. United States*, 552 U.S. 85 (2007); and *United States v. Camacho-Arellano*, --- F.3d ---, 2010 WL 2869394, at *3–6 (6th Cir. 2010).

With respect to the issue of post-sentencing rehabilitation addressed by the majority in Part II.B., I believe that the prudent course is for the panel to delay resolution until the Supreme Court provides guidance in *United States v. Pepper*, 570 F.3d 958 (8th Cir. 2009), *cert. granted*, --- U.S. ---, 130 S. Ct. 3499 (June 28, 2010) (No. 09-6822). *Pepper* likely will clarify the viability of the cases relied upon by the majority, and we should resolve Franklin's sentencing appeal with the benefit of that clarification.

Therefore, I respectfully dissent.