NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0536n.06

Case No. 17-5200

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Sep 20, 2017 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| LADARIUS D. ROBINSON, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: GIBBONS, COOK, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. Along with two friends, Ladarius Robinson tried to steal Oxycontin from a pharmacy. When the pharmacist could not open the safe, Robinson clubbed him in the head with a handgun.

As a result of these actions, the Government charged him with aiding and abetting robbery under the Hobbs Act, 18 U.S.C. § 1951, and aiding and abetting a crime of violence in which a firearm was used, carried, and brandished under 18 U.S.C. § 924(c). He pled guilty to both counts. The district court then sentenced Robinson to thirty months' imprisonment for the Hobbs Act count and a consecutive mandatory minimum of eighty-four months for brandishing a firearm.

Robinson raises two issues on appeal. First, he asks that we vacate his conviction for brandishing a firearm while committing a crime of violence on grounds foreclosed by our

existing precedents. We decline and affirm the district court on this issue. Robinson then asks

that we vacate and remand with respect to his sentence for Hobbs Act robbery in light of *Dean v.*

*United States*, 137 S. Ct. 1170 (2017). The Government does not oppose this request, and we

grant it.

I.

Robinson first challenges his conviction under Section 924(c) because he says that Hobbs

Act robbery is not a "crime of violence." *See* 18 U.S.C. § 924(c)(1)(A)(ii) (proscribing

brandishing a firearm while committing a crime of violence). One might wonder how pistol-

whipping someone during a robbery could be anything but a crime of violence. Under the

"categorical approach," however, courts look to the elements of an offense, rather than the facts

of its commission, in determining whether it is a crime of violence. *United States v. Gooch*,

850 F.3d 285, 290 (6th Cir. 2017), *cert. denied*, 137 S. Ct. 2230 (2017). Thus it is the elements

of Hobbs Act robbery that are at issue here—not Robinson's actual violent acts.

Under Section 924(c), "crime of violence" has a two-part definition, only one part of

which need apply. First, a crime of violence is a felony that "has as an element the use,

attempted use, or threatened use of physical force against the person or property of another."

18 U.S.C. § 924(c)(3)(A). Second, a crime of violence is a felony "that by its nature, involves a

substantial risk that physical force against the person or property of another may be used in the

course of committing the offense." *Id.* § 924(c)(3)(B).

Robinson contends that Hobbs Act robbery is not a crime of violence under the first part

of the definition and that the second part is unconstitutionally vague. Our previous decisions,

however, say otherwise, and those decisions are binding. *Gooch*, 850 F.3d at 291–92

(concluding that Hobbs Act robbery is a crime of violence under the first part); *United States v.*

*Taylor*, 814 F.3d 340, 375–79 (6th Cir. 2016) (holding that the second part is not unconstitutionally vague), *reh'g denied* (May 9, 2016), *petition for cert. filed* (U.S. Oct. 12, 2016) (No. 16-6392); *see United States v. Moody*, 206 F.3d 609, 615 (6th Cir. 2000) (explaining that another panel's ruling is binding unless a Supreme Court decision mandates otherwise or the Sixth Circuit overrules the prior ruling en banc (citing *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985))).

Robinson concedes that *Taylor* binds us with regard to his vagueness challenge to the second part, seeking only to preserve his arguments and awaiting help from the Supreme Court. But he attempts to distinguish *Gooch*. *Gooch*, he says, conflates Hobbs Act robbery with extortion. But *Gooch* makes no such error. The panel "consider[ed] only the portion of the Hobbs Act defining robbery." *Gooch*, 850 F.3d at 291. And it observed that Hobbs Act robbery "requires a finding of 'actual or threatened force, or violence, or fear of injury, immediate or future.'" *Id.* (quoting 18 U.S.C. § 1951(b)(1)). Thus, in the Sixth Circuit, Hobbs Act robbery is a crime of violence by way of Section 924(c)(3)(A). *Id.* at 291–92. The six other circuits that have addressed the question all agree. *Id.* at 292.

Nor is *Gooch* inconsistent with *United States v. Mitchell*, 743 F.3d 1054 (6th Cir. 2014), as Robinson also contends. *Mitchell* considered a different crime (robbery under Tennessee law) under a different statute (the Armed Career Criminal Act). 743 F.3d at 1060. Thus, *Mitchell* did not bind the panel in *Gooch*. Robinson nevertheless maintains that *Mitchell*'s logic demanded a different result. But the decisions' logic is consistent. *Mitchell* determined that Tennessee robbery constitutes a violent felony under the Armed Career Criminal Act in part because it can be committed by putting a robbery victim in fear of "imminent" or "threatening" physical injury. *Id.* at 1059 (internal quotation marks omitted). Robinson contends that because *Mitchell* focused

on fear of "imminent" physical injury, *Gooch* was incorrect to hold that Hobbs Act robbery is a crime of violence because it can be committed by placing a victim in fear of *future* injury. But every imminent injury is, by definition, a future injury, albeit one soon to occur. And Section 924(c)(3)(A) requires only the "threatened use of physical force," which does not provide the temporal limitation that Robinson seeks to read into it. It is for Congress (and not this court) to condition the statute's plain language.

What is more, Robinson fails to present any actual cases (as opposed to hypothetical possibilities) in which a defendant was convicted of Hobbs Act robbery achieved by a threat of injury long in the future. He was required to do so. *Gooch*, 850 F.3d at 292; *see United States v. Patterson*, 853 F.3d 298, 302 (6th Cir. 2017). And while Robinson suggests that Hobbs Act robbery differs from the "generic" version of robbery, that argument is irrelevant under Section 924(c). *Compare Taylor v. United States*, 495 U.S. 575, 602 (1990) (describing the generic-version comparison called for under 18 U.S.C. § 924(e)(2)(B)(ii)), *with Gooch*, 850 F.3d at 290 (describing the categorical approach under Section 924(c)).

For these reasons, Robinson's conviction under Section 924(c) is affirmed.

## II.

The second issue before us is Robinson's request for resentencing in light of *Dean*. In *Dean*, the Supreme Court clarified that a district court may consider a mandatory sentence imposed under Section 924(c) in determining the proper sentence for the underlying crime of violence. 137 S. Ct. at 1178. Following our precedent, the district court did not believe it could consider the mandatory nature of Robinson's Section 924(c) sentence when sentencing him for Hobbs Act robbery. *See United States v. Franklin*, 622 F.3d 650, 655–56 (6th Cir. 2010),

*abrogated by Dean*, 137 S. Ct. at 1170.  The Government agrees that in light of this change in the law, resentencing is appropriate.  So do we.

\* \* \*

We **AFFIRM** Robinson's conviction under Section 924(c), **VACATE** the sentence imposed in connection with his conviction under the Hobbs Act, and **REMAND** for resentencing consistent with this opinion.