**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4737**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

LACEY LEROY MCCLAM, JR.,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:07-cr-01277-TLW-1)

Submitted:  October 7, 2010            Decided:  March 17, 2011

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

T. Kirk Truslow, TRUSLOW LAW FIRM, LLC, North Myrtle Beach,
South Carolina, for Appellant.  Alfred William Walker Bethea,
Jr., Assistant United States Attorney, Florence, South Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Lacey Leroy McClam, Jr., of armed robbery, in violation of 18 U.S.C. § 1951(a) (2006), and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C.A. § 924(c)(1)(A) (West Supp. 2010).[1] The district court sentenced McClam to a total of 276 months of imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the sufficiency of the evidence and the reasonableness of the sentence. McClam has filed a pro se supplemental brief. The Government has moved to remand for resentencing, and McClam does not object. We affirm McClam's convictions, grant the Government's motion, vacate the sentence, and remand for resentencing.

Counsel first questions whether the Government presented evidence sufficient to sustain McClam's convictions. "A defendant challenging the sufficiency of the evidence faces a heavy burden." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007). We review a sufficiency of the evidence challenge by determining "whether, after viewing the evidence in the light

---

[1] The jury acquitted McClam of four robbery counts and four § 924(c) counts.

most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005) (internal quotation marks omitted). This court will uphold a jury's verdict if substantial evidence supports the verdict and will reverse only in those rare cases of clear failure by the prosecution. Foster, 507 F.3d at 244-45. With these standards in mind, we have reviewed the record on appeal and conclude that the evidence was sufficient. See United States v. Kingrea, 573 F.3d 186, 197 (4th Cir. 2009) (discussing elements of aiding and abetting); United States v. Khan, 461 F.3d 477, 489 (4th Cir. 2006) (setting forth elements of § 924(c) possession offense); United States v. Williams, 342 F.3d 350, 353 (4th Cir. 2003) (stating elements of Hobbs Act robbery).

Next, counsel suggests that the district court erred by relying on acquitted and uncharged conduct to support an upward departure and variance, and McClam asserts that the district court procedurally erred when it included the consecutive sentence on the § 924(c) count in establishing the Guidelines range from which it departed and varied. We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This

review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. In reviewing a sentence outside the Guidelines range, this court must "consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the [Guidelines] range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). We also must ensure that the district court analyzed any arguments presented by the parties and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-51. If the sentence is procedurally sound, we review the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51).

McClam's counsel challenges the procedural reasonableness of the sentence by questioning whether the district court erroneously relied on uncharged and acquitted conduct in departing upward pursuant to U.S. Sentencing Guidelines Manual § 4A1.3(a)(2)(E) (2007), or in applying the factors in 18 U.S.C. § 3553(a) (2006), to vary from the Guidelines range. In deciding whether to depart under

4

§ 4A1.3(a)(2), the court may consider "[p]rior similar adult criminal conduct not resulting in a criminal conviction." USSG § 4A1.3(a)(2)(E); see United States v. Grubbs, 585 F.3d 793, 799 (4th Cir. 2009), cert. denied, 130 S. Ct. 1923 (2010). The district court found, by a preponderance of the evidence, that an upward departure was warranted because McClam had participated in numerous other robberies and shot two people during the course of those robberies. We conclude that the evidence amply supported the district court's finding. See United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010) (stating standard of review); United States v. White, 552 F.3d 240, 253 (2d Cir. 2009) (same). Thus, the district court's reliance on uncharged and acquitted conduct to support its decision to depart or vary was reasonable.

In his pro se brief, McClam asserts that the district court violated USSG § 5G1.2(a) in establishing the Guidelines range from which it departed or varied on the robbery count. Because McClam did not object on this ground in the district court, our review is for plain error. United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010). To establish plain error, McClam "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009).

5

"The decision to correct the error lies within our discretion, and we exercise that discretion only if the error 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" Id. at 343 (quoting United States v. Olano, 507 U.S. 725, 732 (1993)).

Section 5G1.2(a) provides that:

> [e]xcept as provided in subsection (e) [pertaining to career offenders], the sentence to be imposed on a count for which the statute (1) specifies a term of imprisonment to be imposed; and (2) requires that such term . . . be imposed to run consecutively to any other term of imprisonment, shall be determined by that statute and imposed independently.

USSG § 5G1.2(a). The commentary to the Guidelines specifically lists § 924(c) as an example of a statute to which § 5G1.2(a) applies. USSG § 5G1.2 cmt. n.2(A); see USSG § 3D1.1 & cmt. n.2 (providing that § 924(c) count excluded from grouping rules). Thus, "[t]he Guidelines are unequivocal: a sentence that run[s] consecutively to any other term of imprisonment[] shall be determined by that statute and imposed independently." United States v. Hatcher, 501 F.3d 931, 933 (8th Cir. 2007) (internal quotation marks omitted).

In sentencing McClam, the district court conflated the properly calculated Guidelines range of forty-six to fifty-seven months on the robbery count and the statutory mandatory minimum consecutive eighty-four-month sentence on the § 924(c) count and

established a Guidelines range of 130 to 141 months as its starting point for a departure or variance. Because the district court violated § 5G1.2(a) by failing to impose independently the sentence on the § 924(c) count, we conclude that the district court erred and that the error is plain. See Hatcher, 501 F.3d at 934 ("[A] mandatory consecutive sentence under . . . § 924(c) is an improper factor to consider in making a departure, or fashioning the extent of a departure.") (internal quotation marks omitted).

Moreover, we hold that the court's plain error affected McClam's substantial rights. From the 130-to-141-month range, the court departed upward six offense levels under USSG § 4A1.3,[2] resulting in a Guidelines range of 235 to 293 months.

---

[2] The district court departed by increasing McClam's offense level based on the court's conclusion that McClam's criminal history score under-represented the seriousness of his criminal history. The manner in which the court departed also was erroneous. If a defendant, like McClam, is not in the highest criminal history category, a district court must move horizontally across successive criminal history categories up to category VI, and, if the court concludes that category VI is inadequate, the court then must move vertically to successively higher offense levels until it finds an appropriate Guidelines range. USSG § 4A1.3(a)(4); United States v. Dalton, 477 F.3d 195, 199 (4th Cir. 2007) (explaining incremental approach and sentencing court's obligation to state its basis for departing); see also United States v. Gutierrez-Hernandez, 581 F.3d 251, 254 (5th Cir. 2009) ("A departure based on the inadequacy of (Continued)

Had the district court excluded the consecutive eighty-four months, as required by § 5G1.2(a), the six-level departure would have resulted in a Guidelines range of 87 to 108 months for the robbery count. Adding the eighty-four-month consecutive sentence on the § 924(c) conviction, McClam's total Guidelines range for both counts would have been 171 to 192 months — a range significantly below the 276-month sentence McClam received. We therefore exercise our discretion to notice the procedural error in establishing the starting point for the departure or variance.[3]

In accordance with Anders, we have reviewed the entire record in this case and have found other no meritorious issues

---

criminal history is not made by adjusting the factor that accounts for the offense level of the instant crime.").

[3] We note that we have affirmed a sentence as procedurally reasonable even though the district court may have erred in applying a departure provision of the Guidelines where "the district court adequately explained its sentence on alternative grounds supporting a variance, by reference to the 18 U.S.C. § 3553(a) factors." Grubbs, 585 F.3d at 804. However, we cannot do so here. Although the district court's decision to vary based upon uncharged and acquitted conduct was reasonable and the court tied the extent of the variance to the § 3553(a) factors, see Gall, 552 U.S. at 50-51, McClam's sentence nevertheless is procedurally unreasonable because the district court varied from an incorrect starting point.

for appeal.  We therefore affirm McClam's convictions, grant the Government's motion to remand, vacate the sentence, and remand for resentencing.  On remand, should the district court depart or vary on the robbery count, it should begin at the properly calculated total offense level of twenty-two and criminal history category of II.  We express no opinion on the ultimate sentence McClam may receive on remand.

This court requires that counsel inform McClam, in writing, of the right to petition the Supreme Court of the United States for further review.  If McClam requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on McClam.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>

9