**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 11-4824**

───────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

LACEY LEROY MCCLAM, JR.,

              Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:07-cr-01277-TLW-1)

───────────────

Submitted:  February 28, 2012      Decided:  March 20, 2012

───────────────

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

T. Kirk Truslow, T. KIRK TRUSLOW, P.A., North Myrtle Beach, South Carolina, for Appellant.  William N. Nettles, United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lacey Leroy McClam, Jr., appeals the 276-month sentence of imprisonment imposed by the district court following a jury conviction for one count of armed robbery in violation of 18 U.S.C. § 1951(a) (2006), and one count of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2006). On appeal, McClam argues that the sentence is procedurally and substantively unreasonable.[*] We affirm.

We review a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008).

McClam claims that the sentence is procedurally unreasonable because the district court failed to consider his motion for a downward departure based on his post-sentencing rehabilitation conduct, failed to render an individualized assessment, and failed to adequately explain the reasons for the

---

[*] In a prior decision, this court affirmed McClam's convictions but remanded for resentencing. United States v. McClam, 417 F. App'x 281 (4th Cir. 2011) (No. 09-4737). McClam challenges the resentencing in this appeal.

2

chosen sentence. After reviewing the record, we conclude that the district court did not commit procedural error when imposing sentence. The district court expressly considered and rejected McClam's argument in support of a lower sentence based on his post-sentencing rehabilitation efforts. See Pepper v. United States, 131 S. Ct. 1229, 1236 (2011) (holding that a district court at resentencing may consider evidence of a defendant's post-sentencing rehabilitation in support of a downward variance). The court also provided an individualized assessment based on the facts presented and thoroughly articulated its reasons for imposing the chosen sentence. Accordingly, we conclude that the sentence is not procedurally unreasonable.

Once we have determined there is no procedural sentencing error, we must next consider the substantive reasonableness of the sentence, "taking into account the totality of the circumstances." Gall, 552 U.S. at 51. Having reviewed the record, we conclude that the district court thoroughly analyzed the totality of McClam's circumstances and carefully weighed them against the § 3553(a) factors when imposing the 276-month sentence, 192 months for the robbery conviction and a consecutive sentence of eighty-four months for the firearms offense. Thus, we conclude that the sentence is substantively reasonable.

Thus, finding McClam's sentence both procedurally and substantively reasonable, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED