# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 03-1577

————————

United States of America,

       Appellee,

v.

Rafael Arrieta-Buendia,

       Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the Western
\*  District of Missouri.
\*
\*
\*

————————

Submitted: March 12, 2004
Filed: June 17, 2004

————————

Before RILEY and MELLOY, Circuit Judges, and ERICKSON,[1] District Judge.

————————

RILEY, Circuit Judge.

Rafael Arrieta-Buendia (Arrieta-Buendia) pled guilty to unlawful reentry into the United States after deportation and after conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a)(2) and (b)(2) (2000). The district court[2] sentenced Arrieta-Buendia to 46 months imprisonment and three years supervised release.

———————————————

[1]The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota, sitting by designation.

[2]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

Arrieta-Buendia appeals the sentence, contending the district court erroneously applied a 16-level sentence enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) (2002). We affirm.

## I.    BACKGROUND

After Arrieta-Buendia pled guilty to unlawful reentry into the United States following deportation after conviction for an aggravated felony, the United States Probation Office prepared a Presentence Investigation Report (PSR). The government objected to the PSR's recommended 8-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(C), which states, "[i]f the defendant previously was deported, or unlawfully remained in the United States, after–(C) a conviction for an aggravated felony, increase by 8 levels." The government argued "the defendant is eligible for a 16 level enhancement under paragraph 15 of the [PSR] due to his prior drug trafficking offense which is set forth in paragraph 26." Paragraph 26 of the PSR reported Arrieta-Buendia, while represented by counsel, had been convicted on January 20, 1998, for transportation of a controlled substance (methamphetamine) in San Bernardino, California.

Responding to the government's objection to the recommended 8-level sentence enhancement for Arrieta-Buendia's California conviction, the probation officer stated, "[u]pon receipt and review of further documentation from the probation office in the Central District of California, the probation officer concurs with the government's guideline calculations. Page 5, paragraph 15 of the [PSR] has been changed to reflect that the offense level is increased by 16-levels pursuant to [U.S.S.G. §] 2L1.2(b)(1)(A). This increase is appropriate because the defendant was previously deported, after he was convicted of a felony drug trafficking offense, for which the sentence imposed exceeded 13 months." The final PSR, which was submitted to the district court for sentencing, stated, "[b]ecause the defendant was previously deported after he was convicted of a felony drug trafficking offense, for which the sentence imposed exceeded 13 months, the offense level is increased by 16

levels pursuant to [U.S.S.G. §] 2L1.2(b)(1)(A)." Arrieta-Buendia did not object during the presentence investigation process to the recommended 16-level sentence, nor did he respond to the government's objection to an 8-level enhancement.

At sentencing, after the district court granted Arrieta-Buendia a three-level sentence reduction for acceptance of responsibility, the district court asked whether there were "any other challenges to the presentence." Arrieta-Buendia's attorney responded, "I have been requested by my client to raise one other objection this morning." Arrieta-Buendia's attorney then stated, "Arrieta does not believe a 16 level enhancement is appropriate for his prior felony conviction. When the . . . draft presentence was issued, the probation officer had assessed [Arrieta-Buendia] eight levels at that time. The Government filed an objection for the 16 levels, I did not respond, based on my legal opinion. However, my client has informed me that he believes that he should have been given an eight level enhancement for his prior felony conviction."

The government responded: "Under the [United States Sentencing G]uidelines, which would be [section] 2L1.2, it provides for an enhancement depending on the type of crime, if the crime under the guideline is a drug trafficking offense, for which a sentence exceeded 13 months, you assess 16 levels. The charge that Mr. Arrieta pled guilty to was unlawful transportation of methamphetamine, a controlled substance, which is a drug trafficking offense[;] . . . on that he received a four year prison sentence in California–for that reason we believe the 16 level is appropriate." The probation officer agreed, stating the California statute "indicated that that is a drug trafficking offense." The district court overruled Arrieta-Buendia's objection and assessed the 16-level enhancement.

When given a chance to speak, Arrieta-Buendia told the district court he was not guilty of the California felony of transporting methamphetamine, but was forced to plead guilty to that crime. Arrieta-Buendia said he did not understand why his

prior crime affected his current crime. After informing Arrieta-Buendia his past crime impacts his sentence for his current crime, the district court sentenced Arrieta-Buendia to 46 months imprisonment, the low end of the Guidelines range.

Arrieta-Buendia's attorney filed an appeal, moved to withdraw, and filed a brief under Anders v. California, 386 U.S. 738 (1967). Our court ordered Arrieta-Buendia's attorney to file an adversarial brief addressing the 16-level sentence enhancement. Arrieta-Buendia's attorney complied, and briefed the issue of "whether Mr. Arrieta-Buendia's prior California transportation of methamphetamine offense is a 'drug trafficking offense' within the meaning of U.S.S.G. § 2L1.2(b)(1)(A)."

## II.    DISCUSSION

The Guidelines mandate a 16-level enhancement for violations of 8 U.S.C. § 1326 in certain circumstances: "If the defendant previously was deported, or unlawfully remained in the United States, after–(A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; . . . increase by 16 levels." U.S.S.G. § 2L1.2(b)(1)(A)(i). The Guidelines define "drug trafficking offense" as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." Id. cmt. n.1(B)(iii). In cases involving a conviction for an aggravated felony which is not a drug trafficking offense or other felony identified in section 2L1.2(b)(1)(A), an 8-level enhancement is required. Id. § 2L1.2(b)(1)(C).

Arrieta-Buendia contends he objected at sentencing to the 16-level enhancement, arguing his prior conviction for transportation of methamphetamine was not a drug trafficking offense under section 2L1.2(b)(1)(A). Arrieta-Buendia further contends the sentencing record does not establish he was convicted of a drug

trafficking offense with a sentence exceeding 13 months. Therefore, Arrieta-Buendia argues the district court erroneously assessed the 16-level sentence enhancement.

"We review the district court's factual findings at sentencing for clear error, and its interpretation and construction of the sentencing guidelines de novo." United States v. Stanley, 362 F.3d 509, 511 (8th Cir. 2004). However, our circuit has held numerous times "that unless a defendant objects to a specific factual allegation contained in the PSR, the court may accept that fact as true for sentencing purposes." United States v. Moser, 168 F.3d 1130, 1132 (8th Cir. 1999) (collecting cases). Thus, a defendant's "failure to object to the PSR's factual characterization of his conduct . . . is dispositive." United States v. Menteer, 350 F.3d 767, 771 (8th Cir. 2003).

We do not agree with Arrieta-Buendia's appellate characterization of his objections at sentencing. Arrieta-Buendia did not attack the PSR's specific factual characterization of his California conviction as a drug trafficking offense, and this failure to object to the clear and consistent characterization of his California conviction as a drug trafficking offense is dispositive of this appeal. Arrieta-Buendia never informed the district court he disputed the government's and the PSR's characterization of his California conviction as a drug trafficking offense. Arrieta-Buendia also never disputed he received a four-year sentence for his California conviction. Instead, he impressed upon the district court that he was not guilty of the prior felony conviction, asserting he was forced to plead guilty. The district court was properly not interested in allowing Arrieta-Buendia to re-litigate his guilt for the prior California transportation of methamphetamine offense. Instead, the district court correctly concerned itself with determining whether to apply the 16-level enhancement for the prior conviction of a drug trafficking offense. Given the undisputed characterization of that conviction as a drug trafficking offense, with a corresponding four-year sentence, we will not reverse the district court's decision to

assess the 16-level enhancement based on its finding Arrieta-Buendia was previously convicted of a drug trafficking offense.[3]

## III.  CONCLUSION

Concluding the district court did not erroneously assess a 16-level enhancement for unlawful reentry following a felony conviction for a drug trafficking offense, we affirm the sentence imposed by the district court.  We also deny as moot the government's motion to supplement the record on appeal.

_____

[3]In the interest of justice, the government moved to supplement the record on appeal with the underlying California charging documents and 1998 conviction to establish Arrieta-Buendia was charged with and convicted of transporting over one kilogram of methamphetamine.  Because Arrieta-Buendia never notified the district court he was objecting to the characterization of his prior conviction as a drug trafficking offense, the district court was well within its authority to sentence Arrieta-Buendia based on the unchallenged PSR characterization without forcing the government to offer additional evidence.  Though the government's supplemental evidence shows Arrieta-Buendia was convicted of a drug trafficking offense, we need not consider this evidence now as the issue was never presented to the district court.  Therefore, we deny the government's motion to supplement the record on appeal.