# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2681

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Ra'Qim Farad al-Salahuddin, | * | |
| formerly known as Rayfus Ulester | * | [UNPUBLISHED] |
| Dukes, Jr., | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 8, 2010
Filed:  Mach 15, 2010

_____

Before BYE, ARNOLD, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Ra'Qim Farad al-Salahuddin, formerly known as Rayfus Dukes, Jr., appeals the district court's[1] sentence of 48 months' incarceration.  Dukes contends the court erred at sentencing by considering a charge dismissed pursuant to a plea agreement; Dukes contends the government did not prove the conduct by a preponderance of the evidence.  We affirm.

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

Dukes was charged in two counts of a 59-count indictment along with 30 other individuals with conspiracy to distribute cocaine and cocaine base and with use of a communication facility to facilitate a drug transaction. On December 12, 2008, Dukes pleaded guilty to the latter count and the government dismissed the conspiracy charge pursuant to a plea agreement. At sentencing, the district court found Dukes had a criminal history category of VI and an offense level of 21, resulting in a Guidelines range of 77 to 96 months. The court also concluded there was a 48-month statutory maximum. The government made a brief statement at the hearing, but entered no evidence and called no witnesses. The court stated the sentence under the charge for use of a communication facility was much less than Dukes would have received under the conspiracy charge, and Dukes was getting a "huge break" from the government. The court then sentenced Dukes to 48 months of incarceration and one year of supervised release.

We find no plain error in the district court's sentence of 48 months' incarceration. United States v. Hill, 552 F.3d 686, 690 (8th Cir. 2009) (setting forth the standard of review). As an initial matter, "our circuit has held numerous times 'that unless a defendant objects to a specific factual allegation contained in the [presentence report (PSR)], the court may accept that fact as true for sentencing purposes.'" United States v. Arrieta-Buendia, 372 F.3d 953, 955 (8th Cir. 2004) (quoting United States v. Moser, 168 F.3d 1130, 1132 (8th Cir. 1999)). In this case, multiple paragraphs in the PSR detailed Dukes's involvement in distributing cocaine hydrochloride, (PSR ¶¶ 6, 9, 10, 12), which Dukes failed to object to at sentencing. As a result of his failure to object, Dukes admitted the facts contained in the PSR and the district court was entitled to rely on these facts. United States v. Schwalk, 412 F.3d 929, 933 (8th Cir. 2005). These facts demonstrate a factual basis for a conspiracy charge against Dukes, which carried a statutory maximum penalty of at least twenty years' imprisonment. 21 U.S.C. § 841(b)(1)(C). The record thus supported the district court's conclusions that Dukes received a "huge break" under the plea agreement, because his sentence on the communication facility was "half of what

[he] would have gotten under the guidelines" for the conspiracy count. S. Tr. 11; see PSR ¶ 63.

In addition, any error resulting from the district court's consideration of the dismissed conspiracy count did not rise to the level of plain error because it did not affect Dukes's substantial rights. United States v. Molnar, 590 F.3d 912, 915 (8th Cir. 2010) ("To establish plain error, [the defendant] must prove that (1) there was error, (2) the error was plain, and (3) the error affected his substantial rights."). "An error affects a substantial right if the error was prejudicial. In the sentencing context, an error is prejudicial only if the defendant proves a reasonable probability that he would have received a lighter sentence but for the error." Id. (citations omitted). Moreover, we exercise our discretion to correct such an error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (citing United States v. Olano, 507 U.S. 725, 732 (1993)).

In this case, the district court opted to sentence Dukes to the statutory maximum of 48 months' incarceration, which was far less than the Guidelines range of 77-96 months. The district court noted it had carefully read the PSR and it acknowledged Dukes's extensive criminal history, which placed him in a career offender status. The district court further emphasized Dukes's criminal conduct did not cease even after being indicted and pleading guilty in this matter. After noting these circumstances in the record, the district court concluded, "so when I look at all of this, you're getting a huge break from [the government] on this." (S. Tr. 11). Based on the record as a whole, Dukes cannot show a reasonable probability he would have received a more favorable sentence but for the district court's consideration of the dismissed conspiracy charge. See United States v. Linderman, 587 F.3d 896, 899 (8th Cir. 2009) (holding we will not conclude a defendant's substantial rights were affected unless the defendant shows a reasonable probability he would have received a more favorable sentence based on the record as a whole). The district court was clearly concerned with his extensive criminal history and continuing criminal conduct after being

indicted, and as a result, we cannot say there is a reasonable probability Dukes would have received a more favorable sentence had the district court not considered the dismissed conspiracy charge.

Accordingly, we affirm the judgment of the district court.

_____