# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 16-1492

———————————————

United States of America

*Plaintiff - Appellee*

v.

Jamayal M. Mannings, also known as Mal, also known as Slim

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - St. Joseph

——————————

Submitted: November 14, 2016
Filed: March 6, 2017
[Published]

——————————

Before RILEY, Chief Judge, SMITH and KELLY, Circuit Judges.

——————————

PER CURIAM.

Jamayal Mannings appeals his sentence, challenging the district court's[1] findings regarding drug quantity and two Sentencing Guidelines enhancements, as

———————————

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

well as the reasonableness of the sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.

On February 25, 2013, a federal grand jury for the Western District of Missouri returned a superseding indictment against Mannings and seven other defendants. Mannings was charged with seven counts related to the distribution of cocaine base (crack cocaine) and powder cocaine in the St. Joseph, Missouri, area from January 1, 2009 to February 20, 2013. Mannings initially pleaded guilty to one count of conspiracy to distribute crack cocaine and powder cocaine pursuant to a binding written plea agreement executed under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.[2] In the agreement, the parties stipulated that Mannings' base offense level was not less than 38. The agreement prescribed a sentence of 300 months' imprisonment, with 5 years of supervised release to follow. A presentence investigation report (PSR) was prepared that calculated Mannings' sentencing guideline range as 360 months to life.

After receiving the PSR, Mannings moved to withdraw his guilty plea. He was allowed to withdraw his plea on July 9, 2014, and trial was reset for January 12, 2015. On January 8, 2015, however, Mannings pleaded guilty to one count of conspiracy to distribute a mixture or substance containing crack cocaine in an amount of 280 grams or more, and powder cocaine in an amount of 5 kilograms or more. Although there was no written plea agreement, the government agreed to dismiss the remaining six counts against Mannings and to move to withdraw an Information to Establish Prior Conviction that had been filed on March 4, 2013. An amended PSR was

---

[2]A Rule 11(c)(1)(C) plea agreement binds not only the government and the defendant, but also the court if the court accepts the agreement. United States v. Scurlark, 560 F.3d 839, 841–42 (8th Cir. 2009).

prepared, which recommended a drug quantity that resulted in a base offense level 36, and assessed a two-level enhancement because a firearm "was possessed" and a three-level enhancement for Mannings' aggravating role in the offense. After a three-level reduction for acceptance of responsibility, Mannings' total offense level was 38. At a criminal history category III, the recommended sentencing guideline range was 292–365 months. Mannings objected to the drug quantity calculation and both enhancements.

At the sentencing hearing held on December 3, 2015, the government presented two witnesses—a cooperating co-conspirator, Andre Turner, and Special Agent (SA) Dimechi Herring from the Bureau of Alcohol, Tobacco, Firearms, and Explosives. Taking the matter under advisement, the court continued the sentencing hearing to February 9, 2016, so it could review the transcript of testimony. At the February 9 hearing, the court overruled Mannings' objections and sentenced him to 292 months imprisonment, followed by a five-year term of supervised release.

## II.

The government bears the burden of proving by a preponderance of the evidence the facts that support drug quantity and sentencing enhancements. See United States v. Gamboa, 701 F.3d 265, 267 (8th Cir. 2012) (role enhancement); United States v. Muniz Ochoa, 643 F.3d 1153, 1156 (8th Cir. 2011) (enhancement for possession of firearm); United States v. Payton, 636 F.3d 1027, 1046 (8th Cir. 2011) (drug quantity). "We review the district court's application of the Guidelines to the facts de novo; its factual findings for clear error; and the ultimate sentence for reasonableness." United States v. Hatcher, 501 F.3d 931, 933 (8th Cir. 2007).

Mannings first challenges the district court's calculation of drug quantity, alleging the government's evidence was unreliable and uncorroborated. The government's first witness, Andre Turner, testified to his own firsthand knowledge

of Mannings' drug trafficking activity in the St. Joseph area. He saw Mannings sell crack cocaine to customers and knew how much Mannings charged. Turner testified that he also purchased crack cocaine from Mannings, which Turner would "break [] down and distribute" to others. Turner saw Mannings "cook" powder cocaine into "ounces" of crack cocaine on a regular basis, and described where and how Mannings did the cooks. Turner's testimony was corroborated by SA Herring, the case agent. SA Herring testified about surveillance operations targeting Mannings and undercover buys of crack cocaine from Mannings. SA Herring also testified about interviews with other cooperating witnesses whose statements were consistent with Turner's testimony about Mannings' drug trafficking activity.

Mannings notes this testimony was not corroborated by evidence such as audio or video recordings, fingerprint or DNA analysis, or polygraphs of informants. But a court may "consider uncorroborated hearsay evidence so long as the evidence has sufficient indicia of reliability to support its accuracy and the defendant is given a chance to rebut or explain it." United States v. Garcia, 774 F.3d 472, 475–76 (8th Cir. 2014) (per curiam). Here, the district court considered the testimony of both a co-conspirator and an investigating officer. See United States v. Walker, 688 F.3d 416, 421 (8th Cir. 2012) ("A sentencing court may determine drug quantity based on the testimony of a co-conspirator alone." (quoting United States v. Sarabia-Martinez, 276 F.3d 447, 450 (8th Cir. 2002))). Nevertheless, Mannings argues that neither witness was credible: Turner because he testified in the hope of reducing his own sentence; and SA Herring because his testimony was based on statements from individuals who had a motive to fabricate information. However, Mannings cross-examined both witnesses on these purported weaknesses at sentencing and argued the point to the district court. We afford district courts wide latitude in choosing what information to consider in determining drug quantity, and "the sentencing court's assessment of the credibility of witnesses is nearly unreviewable." United States v. Mickelson, 378 F.3d 810, 822 (8th Cir. 2004) (quoting United States v. Dierling, 131 F.3d 722, 736 (8th Cir. 1997)). The district court did not err in relying on the

testimony presented to determine the total drug quantity for purposes of establishing Mannings' base offense level.[3]

Next, Mannings asserts the district court erred in imposing a two-level enhancement for possession of a firearm. See USSG § 2D1.1(b)(1) ("If a dangerous weapon (including a firearm) was possessed, increase by 2 levels."). Mannings points out he was not found in possession of a firearm when he was arrested. But it is not necessary that a defendant be seen with or using a firearm for this enhancement to apply. United States v. Anderson, 618 F.3d 873, 880 (8th Cir. 2010). Nor is the government required to prove ownership of a firearm or the premises on which it is found for a § 2D1.1(b)(1) enhancement to apply. Id. SA Herring testified that two firearms, along with a bulletproof vest, loose ammunition, and approximately 37 grams of crack cocaine, were found in a car Mannings had been seen driving during the course of surveillance—a car registered to the mother of Mannings' children. Turner testified that Mannings carried a gun when he was "out in traffic or doing [drug trafficking] business," and that Mannings had been involved in shootouts with other drug traffickers during the relevant time period. Here, the evidence supported the district court's finding that a firearm "was possessed" at one or more times during the drug conspiracy, and the district court did not err in imposing the enhancement.

Mannings next challenges the enhancement for his role in the offense. Section 3B1.1(b) of the Sentencing Guidelines provides a three-level enhancement "[i]f the defendant was a manager or supervisor . . . and the criminal activity involved five or more participants." Mannings argues there was not sufficient evidence to support this enhancement, focusing on the phrase "manager or supervisor." We have "defined the terms 'manager' and 'supervisor' quite liberally," holding that "[a] defendant can be

---

[3]Mannings does not contest any particular quantity of drugs included in the calculation, relying instead on an assertion that the evidence as a whole was generally unreliable.

subject to this enhancement for having managed or supervised only one other participant in the criminal conspiracy." United States v. Valencia, 829 F.3d 1007, 1012 (8th Cir. 2016) (quoting United States v. Lopez, 431 F.3d 313, 318 (8th Cir. 2005)). "The key factors in determining management or supervisory authority are control over participants and organization of the criminal activity." Id. (quoting United States v. Pena, 67 F.3d 153, 156–57 (8th Cir. 1995)).

According to the amended PSR, Mannings and at least four other co-conspirators possessed, transported, and distributed powder and crack cocaine in the St. Joseph area. It alleged that between January 1, 2009, and February 20, 2013, Mannings obtained powder and crack cocaine from co-conspirator Larry Brooks in Kansas City, and that Mannings also instructed several of his other co-conspirators to pick up cocaine from Brooks for him. Mannings did not object to these allegations.[4] "[U]nless a defendant objects to a specific factual allegation contained in the PSR, the court may accept that fact as true for sentencing purposes." United States v. Humphrey, 753 F.3d 813, 818 (8th Cir. 2014) (alteration in original) (quoting United States v. Arrieta-Buendia, 372 F.3d 953, 955 (8th Cir. 2004)). As a result, the district court was permitted to rely on these facts. See id. (An objection "not to the facts themselves but to the PSR's recommendation based on those facts" does not prevent the district court from relying on those facts. (quoting United States v. Moser, 168 F.3d 1130, 1132 (8th Cir. 1999))). SA Herring corroborated this information, testifying that Mannings sent someone who was working as a confidential informant to Kansas City to get powder cocaine from Brooks on at least eight occasions. In addition, according to Turner, Mannings was "the leader" of the conspirators listed in the indictment, and "if you wanted drugs in the St. Joseph area," you went to Mannings. Finally, both Turner and SA Herring testified that Mannings "cooked" powder cocaine into crack cocaine and sold or fronted it to others, who in

---

[4]Mannings objected to the allegation that these activities involved "large quantities" of cocaine, but not to the underlying activities themselves.

turn sold it to their customers.  See United States v. Gaines, 639 F.3d 423, 428 (8th Cir. 2011) (relevant factors when considering a role enhancement include whether defendant manufactured the drug or distributed it for redistribution, the nature and scope of the criminal activity, and the nature of the defendant's participation in the offense).  The district court did not err in imposing an enhancement for Mannings' role in the offense of conviction.

Finally, Mannings argues the district court erred, both procedurally and substantively, when imposing the sentence.  He asserts the district court erred procedurally by failing to adequately explain its chosen sentence.  See Gall v. United States, 552 U.S. 38, 50 (2007).  Because Mannings did not object to the court's explanation at sentencing, we review this claim for plain error.  United States v. Chavarria-Ortiz, 828 F.3d 668, 671 (8th Cir. 2016) (explaining that "[o]ur cases routinely have conducted plain-error review of claims that a district court failed adequately to explain a chosen sentence").  To prevail under plain-error review, Mannings must  demonstrate "that a more detailed explanation would have resulted in a lighter sentence."  Id.

"A district court need not quote verbatim all of the factors listed in § 3553(a)." United States v. Shores, 700 F.3d 366, 376 (8th Cir. 2012).  "The record must make clear that the court considered the [statutory factors] in sentencing," United States v. Jones, 756 F.3d 1121, 1122 (8th Cir. 2014) (per curiam), but a district court can generally demonstrate it did so by referring to some of those factors at sentencing, Shores, 700 F.3d at 376.  In this case, the district court continued the sentencing hearing in order to more carefully consider the evidence and arguments presented by the parties.  At the formal sentencing, the court discussed Mannings' criminal conduct, the dangerous nature of drug trafficking, the need to protect the public from further crimes, and the need for deterrence.  The district court provided sufficient reasoning to explain the sentence imposed, and we find no error, plain or otherwise.

See Jones, 756 F.3d at 1122 (when the district court imposes a guidelines sentence, a lengthy explanation is often unnecessary).

Mannings asserts that his sentence is substantively unreasonable because the statutory mandatory minimum sentence of ten years was sufficient to meet the goals of § 3553(a). In determining whether a sentence is reasonable, we review the district court's decision for an abuse of discretion. Hatcher, 501 F.3d at 933. "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." Id. (quoting United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007)). Mannings offers no argument that the district court failed to consider a relevant factor, or improperly considered or weighed any relevant or irrelevant factor. Instead, Mannings simply asserts it was "clear err[or]" to impose a sentence longer than ten years; but we note that the sentence imposed was at the bottom of the guideline range. A sentence imposed within the advisory guideline range is generally presumed reasonable. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). Under these circumstances, we cannot conclude the district court imposed a substantively unreasonable sentence.

## III.

For the foregoing reasons, we affirm Mannings' sentence.

_____