# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-1226

_____

United States of America

*Plaintiff - Appellee*

v.

Noah Thomas Zenor

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: January 8, 2018
Filed: February 2, 2018
[Unpublished]

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Noah T. Zenor pled guilty to possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). The district court[1] sentenced him to 120 months'

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

imprisonment. He appeals the sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Zenor argues the court procedurally erred in failing to consider the 18 U.S.C. § 3553(a) factors and "explain the reasons for its sentence." "In reviewing a sentence for procedural error," this court reviews "factual findings for clear error" and "application of the [G]uidelines de novo." *United States v. Richart*, 662 F.3d 1037, 1045 (8th Cir. 2011). Where, as here, "a defendant fails to object timely to a procedural sentencing error, the error is forfeited and may only be reviewed for plain error." *United States v. Hill*, 552 F.3d 686, 690 (8th Cir. 2009). "Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." *Id.*, *citing Johnson v. United States*, 520 U.S. 461, 466-67 (1997). "Even if the defendant shows these three conditions are met," this court "may exercise . . . discretion to correct a forfeited error only if it 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.*, *quoting Johnson*, 520 U.S. at 467.

The district court thoroughly considered the record including the presentence investigation report, the sentencing memoranda, the victim impact statements, medical records, and letters submitted on Zenor's behalf. The court allowed him "to be heard as to the appropriate disposition" and listened to his lengthy request for a downward variance due to age, short duration of offense, small size of pornography collection, and low likelihood of recidivism. The court also considered the guidelines range (135 to 168 months), and the government's request for a "substantial [downward] variance" to three years due to "the defendant's relative youth."

The court then discussed its obligation "to consider a number of factors before deciding on an appropriate sentence in every case that comes before it, and those factors are set forth in United States Code, Title 18, Section 3553(a)." It said:

In this case there are substantial mitigators. Those mitigators are the defendant's age. He's 20 years old now. He was 17 when this offense began. The defendant has no criminal history at all, and the defendant has behaved well on pretrial release, including engaging in treatment, having evaluations done at the behest of his counsel. I note that there were multiple evaluations done. I assume that the attorney concluded after looking at the first one that perhaps additional self-reflection was warranted because the defendant had not been completely truthful with the evaluator. The fact that he's participated in treatment, has not engaged in any additional criminal conduct and has abided by the terms of release are all factors favorable to the defendant.

There are substantial aggravators as well that the court has to consider under the rubric of 3553(a). . . . . That includes the number of images. The number of images in this case as the prosecutor has pointed out that were counted for purposes of the guidelines were 61 images and 15 videos. That's a subset of the 1,294 images of evidentiary value and 47 videos that were discussed previously. . . .

In this case the court finds it probative that the defendant sought out videos. The presentence investigation report reflects that Mr. Zenor stated he would upload more pictures if another participant in the chat room would upload more child pornography videos. . . . . Of the 16 child pornography images uploaded by Zenor, ten depicted images of children under the age of 10. So his exchange involved still pictures of children under the age of 10 for videos. That is an aggravating factor.

Additionally, the defendant admitted, as reflected in the presentence investigation report, that his collection at one time contained over—or approximately a thousand images of what he considered to be child pornography.

. . . .

Mr. Gaumer also discussed the fact that the offense conduct in this case also involved distribution and production. As I just discussed, the defendant sent still images to receive video images. He looked for

-3-

videos, and he disseminated images revictimizing the girls who were already depicted in those videos again by sharing—excuse me, in those images again by sharing them with someone else.

. . . .

The prosecutor also discussed the fact that the production in this case involved asking for older juveniles to produce child porn in the nature of images of themselves naked to be sent via the Internet back. . . . .

The nature of the images themselves are an aggravating factor accounted for in the guidelines. This is not a case of sexting. This is not a case of images of peer teens being shared amongst peer teens.

. . . .

Children as young as three or four were being raped in these images. There were children being assaulted by multiple men simultaneously in these images. All of the images that were counted for purposes of the guidelines were prepubescent minors, individuals, girls under the age of 10.

This is not a case of misidentification. The presentence investigation report reflects that the forensic examination of the defendant's cell phone indicated that these images were saved under a folder labeled "Extremely Young," children younger than 10 being forced to perform oral sex on adult men. These are aggravating factors.

The court also noted that while it "may not talk about each one of the sentencing considerations individually as I discuss the factors weighing upon the court in determining the appropriate sentence in this case," it "considered each and every one of them whether or not they're read into the record here today." The record makes clear that the court considered the § 3553(a) factors in sentencing. *See United States v. Mannings*, 850 F.3d 404, 410 (8th Cir. 2017). The court committed no error, let alone plain error, in sentencing Zenor based on the § 3553(a) factors. *Id.* ("A district

court need not quote verbatim all of the factors listed in § 3553(a). The record must make clear that the court considered the [statutory factors] in sentencing, but a district court can generally demonstrate it did so by referring to some of those factors at sentencing.") (internal citations omitted).

Zenor argues his sentence is substantively unreasonable "because the Court did not adequately consider nor properly weigh a number of mitigating factors including Zenor's age, risk of recidivism, his medical condition and his treatment needs, among others." This court reviews the substantive reasonableness of a district court's sentence for "abuse of discretion." *United States v. Harlan*, 815 F.3d 1100, 1107 (8th Cir. 2016). "[I]t will be the unusual case" when this court reverses "a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).[2]

The district court did not abuse its discretion in imposing a below-guidelines sentence. As evidenced above, the court thoroughly reviewed the record, considered all written and oral arguments made by the parties, and properly weighed all § 3553(a) factors in determining a sentence.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____

[2]Zenor argues that this court's application of the presumption of reasonableness standard to a below-guidelines sentence "denies defendants all meaningful review of their sentence as intended by Congress and the remedial decision in *Booker*." This argument has no merit.